UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF TENNESSEE
NASHVILLE DIVISION

| | |
|---|---|
| RICHARD JEFFREY LAUDE, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | NO. 3 12 0449 |
| ) | JUDGE NIXON/BRYANT |
| JIMMY D. KNOWLES, individually, ) | JURY DEMAND |
| ) | |
| Defendant. ) | |

## INITIAL CASE MANAGEMENT ORDER

**I. Jurisdiction and Venue**

Jurisdiction and venue are not in dispute.

**II. Parties' Theories of the Case**

**1. Plaintiff's Theory of the Case**

On or about October 4, 2008, Defendant Knowles was traveling on Interstate Highway 40 in Wilson County, Tennessee, when a group of motorcycles passed Knowles at a very high rate of speed. Knowles activated his emergency equipment and gave chase to the motorcycles but was unable to keep pace, and the group of motorcycles eluded Knowles. Knowles was performing his official duties operating an automotive police patrol vehicle owned and maintained by the State of Tennessee for the use and benefit of its police department. At approximately 4:05 p.m., Plaintiff Laude merged into traffic on Interstate Highway 40 from Lebanon exit heading west towards Nashville. Plaintiff was lawfully operating his motorcycle in the Counties of Wilson and Davidson, State of Tennessee. Laude wore a motorcycle helmet and jacket that were different in color and appearance from the group of motorcycles that eluded

1

Knowles. Laude rode a motorcycle that was a different make, model, color, and appearance from the motorcycles that eluded Knowles. Laude was driving his motorcycle with a passenger, his girlfriend Angela Cousens. The group of motorcycles that eluded Knowles were all single riders. Defendant Knowles signaled for Laude to stop which he did at mile marker 217 westbound on Interstate 40. Knowles then walked up to Laude and violently pulled Laude off his motorcycle before he had time to put down the kickstand. Knowles struck Laude several times on his back then sat on him. While Knowles had Laude on the ground and striking him, two disinterested citizens advised Knowles that he had the wrong person. Knowles ignored the two citizens and continued to strike Laude, even though Laude did not resist his actions. Knowles then twisted Laude's arm behind his back and cuffed him, even though Laude did not resist his actions. Knowles continued to disregard the statements of the two disinterested citizens and placed Laude under arrest for reckless driving, improper license endorsement and registration, even though he knew that Laude's vehicle did not match the description of the motorcycles he was looking and that Laude did not match the description of the riders. These charges were subsequently dismissed by a General Sessions Court after it was determined that there was no probable cause to arrest Laude.

2.  **Defendant's Theory of the Case**

It is defendant's position that this case is due for dismissal because the filing of a claim with the Tennessee Claims Commission acted as a waiver of this federal action pursuant to Tenn. Code Ann. §9-8-307(b). A Motion for Summary Judgment has been filed and is now pending.

On October 4, 2008, plaintiff entered I-40 Westbound at the Gallatin exit at about 4:00 p.m. after having stopped there for gas. Also on October 4, 2008, Trooper Jimmy Knowles was chasing a group of motorcycles that he would see occasionally during the time he was

chasing them. There were a variety of riders – single riders, double riders, different clothing and different gear. Sometimes some of them would get off the interstate, but then some would get back onto the interstate. Trooper Knowles kept his video dash camera on almost the entire time he was chasing the motorcycles. As he was going along, Trooper Knowles would occasionally pass by other motorcyclists, but he would not stop them because those other motorcyclists had done nothing wrong.

        As Trooper Knowles was approaching plaintiff, he saw plaintiff drive onto the shoulder and pass a car. Trooper Knowles did not lose sight of plaintiff after he saw plaintiff pass a car on the shoulder. Because of that action, Trooper Knowles had reasonable suspicion and/or probable cause to stop plaintiff for a traffic violation. Trooper Knowles initiated a stop on plaintiff. Plaintiff started to pull over, but exhibited various signs of someone who was not intending to stop, but rather to run. When he finally did stop, plaintiff failed to obey the verbal commands that Trooper Knowles was issuing, so Trooper Knowles had to exert some force on plaintiff. Plaintiff was never handcuffed and was never assaulted. Proper force was used. Plaintiff's motorcycle fell onto the ground, but it did not cause any damage. It is Trooper Knowles' position that he had reasonable suspicion/probable cause to stop plaintiff for a traffic violation. Trooper Knowles exerted reasonable force under the circumstances. The charges were dismissed after a full trial on the merits. The court did not find that Trooper Knowles lacked probable cause to stop plaintiff. Trooper Knowles did not assault plaintiff. Trooper Knowles did not violate plaintiff's rights in any way. Trooper Knowles also has qualified immunity as a further defense to this action.

III.  Schedule of Pretrial Proceedings

A.  Rule26(a)(1) Disclosure

The parties shall make their Rule 26(a)(1)(A) through (E) disclosures within thirty (30) days from the date of the initial case management conference.

B.  Meeting of Counsel and Parties to Discuss Settlement Prospects

Ninety (90) days from the date of the initial case management conference, counsel and clients are required to have a face-to-face meeting to discuss whether this case can be resolved without further discovery proceedings. If a party, other than a natural person, is involved in this litigation, a representative who has the authority to settle shall attend this meeting on behalf of that party. After the meeting is conducted, counsel shall prepare a report and file it with the Court reflecting that the parties met and that the parties made a good faith effort to evaluate the resolution of this case. This report should also include whether the parties believed that one of the Alternative Dispute Resolution ("ADR") procedures under the Local Rules would further assist the parties in resolving this matter.

C.  Other Pretrial Discovery Matters

As determined at the case management conference on **Monday, July 2, 2012**, this action is set for a jury trial on June 18, 2013, at 9:00 a.m. before Senior Judge Nixon.

ELECTRONIC DISCOVERY. The parties have reached agreements on how to conduct electronic discovery. Therefore, the default standard contained in Administrative Order No. 174 need not apply to this case.

If this action is to be settled, the Law Clerk shall be notified by noon, _____. If the settlement is reached thereafter resulting in the non-utilization of

jurors, the costs of summoning jurors may be taxed to the parties dependent upon the circumstances.

A pretrial conference shall be held June 7, 2013, at 10:00 a.m. before Senior Judge Nixon. Judge Nixon will issue a separate order with his requirements for the trial and pretrial conference.

All discovery shall be completed by the close of business on December 14, 2012. All written discovery shall be submitted in sufficient time so that the response shall be in hand by November 14, 2012. All discovery related statements shall be filed by the close of business on December 21, 2012. No motions related to discovery or for a protective order shall be filed until a discovery/protective order dispute conference has taken place and the attorneys of record shall attend and meet, face-to-face, in an effort to resolve the dispute and a jointly signed discovery/protective order dispute statement is submitted setting forth precisely the remaining issues in dispute and the reasons why those issues remain unresolved.

All dispositive motions shall be filed by the close of business on January 14, 2013, and any response thereto shall be filed by the close of business on February 4, 2013. Any reply shall be filed by the close of business on **February 18, 2013**.

Any motion to amend the pleadings or join parties shall be filed in sufficient time to permit any discovery necessary because of the proposed amendment to be obtained within the time for discovery. No amendments will be allowed if to do so will result in a delay in the disposition of the action by requiring an extension of the discovery deadline.

There shall be no stay of discovery pending disposition of any motions.

Interrogatories pursuant to Rule 33, Federal Rules of Civil Procedure, shall be limited to sixty (60) such interrogatories. Subparts of a question shall be counted as additional questions for purposes of the overall number.

By the close of business on November 14, 2012, the plaintiff shall declare to the defendants (not to file with the Court) the identity of his expert witnesses and provide all the information specified in Rule 26(a)(2)(B).

By the close of business on December 14, 2012, the defendants shall declare to the plaintiff (not to file with the Court) the identity of their expert witnesses and provide all the information specified in Rule 26(a)(2)(B).

Any supplements to expert reports shall be filed by the close of business on December 28, 2012.

It is so **ORDERED**.

**Entered** this 2nd day of July, 2012.

*s/ John S. Bryant*
JOHN S. BRYANT
United States Magistrate Judge

APPROVED FOR ENTRY:

/s/ Phillip L. Davidson
Phillip L. Davidson, #6466
2400 Crestmoor Road
Suite 107
Nashville, Tennessee 37215
(615) 386-7115

/s/ Dawn Marie Jordon
Dawn Marie Jordan
Asst. State Attorney General
PO Box 20207
Nashville, TN 37202