IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF TENNESSEE
NASHVILLE DIVISION

| | |
|---|---|
| RICHARD JEFFREY LAUDE, ) | |
| ) | No. 3:12-cv-00449 |
| Plaintiff, ) | |
| ) | Judge Nixon |
| v. ) | Magistrate Judge Bryant |
| ) | |
| JIMMY D. KNOWLES, ) | JURY DEMAND |
| ) | |
| Defendant. ) | |

## ORDER

Pending before the Court is Defendant Jimmy D. Knowles's Motion for Summary Judgment ("Motion") (Doc. No. 3), filed with a Memorandum in Support (Doc. No. 4). Plaintiff Richard Jeffrey Laude filed a Response (Doc. No. 7), to which Defendant filed a Reply (Doc. No. 8). For the reasons below, Defendant's Motion is **GRANTED**.

### I. BACKGROUND

On February 24, 2010, Plaintiff filed a complaint in this Court under 28 U.S.C. § 1983, alleging violations of his Fourth Amendment rights stemming from an October 4, 2008, traffic stop conducted by Defendant, who was employed as a Tennessee State Trooper. *See Laude v. Knowles*, No. 3:10-cv-00185, 2010 WL 1568466 (M.D. Tenn. Apr. 20, 2010) (order dismissing case without prejudice). Prior to filing the 2010 complaint, Plaintiff filed a claim with the Tennessee Claims Commission ("Commission") for damages arising out of the same incident. *Id.* at 2.

On March 15, 2010, Defendant filed a Motion for Summary Judgment in case No. 3:10-cv-00185, arguing that pursuant to Tennessee Code Annotated section 9-8-307(b), Plaintiff waived any federal cause of action against him by filing a claim with the Commission. (*Id.*) Plaintiff responded that the Court should allow the Commission to determine whether or not Defendant's acts were committed within the scope of his employment before dismissing Plaintiff's federal claim. (*Id.*) This Court determined that the proper course was to dismiss Plaintiff's claim without prejudice. (*Id.* at 3.)

1

The Court advised Plaintiff that if the waiver provision of the Tennessee statute was not invoked due to Defendant's actions being deemed outside the scope of his employment, Plaintiff could re-file his case within sixty days of the Commission's final adjudication. (*Id.* at 4.)

Plaintiff's claim went to trial before the Commission on October 26, 2010. (Doc. No. 3-6 at 1.) The Commission rendered its judgment on June 29, 2011, finding that Plaintiff failed to show that Defendant was negligent in the care, custody, or control of Plaintiff. (*Id.* at 16.) Significantly, the Commission found that Defendant was within the scope of his employment at all times. (*Id*. at 18.) Plaintiff appealed the Commission's judgment to the Tennessee Court of Appeals, arguing that the Commission lacked subject-matter jurisdiction to hear his claim. *Laude v. State*, No. M2011-01584-COA-R3-CV, 2012 WL 1066501 (Tenn. Ct. App. March 27, 2012). The Court of Appeals vacated the judgment of the Commission, holding that the Commission lacked subject-matter jurisdiction over the claim. *Id.* at *3.

On May 3, 2012, Plaintiff re-filed his Complaint in this Court. (Doc. No. 1.) Defendant then filed the instant Motion (Doc. No. 3) on June 4, 2012, along with a Memorandum in Support (Doc. No. 4). Plaintiff filed a Response (Doc. No. 7) on June 15, 2012, to which Defendant filed a Reply (Doc. No. 8) on June 18, 2012.

## II.  LEGAL STANDARD

Summary judgment is rendered when "there is no genuine dispute as to any material fact and . . . the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a).

## III.  ANALYSIS

It appears to the Court that the only "material fact" in this case is whether Plaintiff filed a claim with the Commission—arising out of the same acts of Defendant—prior to filing the Complaint in the instant case. It is undisputed that he did. The dispositive question then is not one of fact, but of law. It is whether Plaintiff waived his § 1983 action against Defendant by first filing his claim with the Commission, even where the Tennessee Court of Appeals subsequently vacated the Commission's

2

judgment on the grounds that the Commission lacked subject matter jurisdiction to hear the claim. Specifically, the dispute concerns the operation of the waiver provision of the Tennessee Claims Commission Act, which states:

> Claims against the state filed pursuant to subsection (a) shall operate as a waiver of any cause of action, based on the same act or omission, which the claimant has against any state officer or employee. The waiver is void if the commission determines that the act or omission was not within the scope of the officer's or employee's office or employment.

Tenn. Code Ann. § 9–8–307(b) (West 2012). Defendant argues—based on the provision—that "Plaintiff waived his right to file a federal claim when he filed the Claims Commission Action." (Doc. No. 4 at 4.) Further, Defendant argues that the waiver is not voided by the Tennessee Court of Appeals ruling, which vacated the Commission's judgment. (*Id.*) Finally, Defendant argues that there is only one circumstance in which the waiver can be voided—a finding by the Commission that the officer was acting outside the scope of his employment. (Doc. No. 8 at 3.) Because there was no such finding in this case, Defendant concludes that Plaintiff's § 1983 claim was waived upon the filing of his claim with the Commission, and that it remains waived despite the ruling of the Court of Appeals. (*See id.*)

Plaintiff argues in response that, because the Court of Appeals vacated the judgment of the Commission, that judgment is "a nullity" and "has no relevance" to the instant Motion. (Doc. No. 7 at 1–2). Plaintiff's two additional arguments mischaracterize this Court's Order dismissing Case No. 3:10-cv-00185[1], and purport to distinguish case law cited by Defendant without explaining the significance of the distinction. (*See id.*) In short, the only question raised by Plaintiff's Response is whether the judgment of the Commission is indeed a nullity—and as such, whether it triggered the

---

[1] Plaintiff, in his Response, states that "Previously, this Court determined that the Plaintiff's Federal case filed, based on the same circumstances as a Claims Commissions case, should be dismissed without prejudice, and could be again brought by reinstating it within sixty days of the final decision on Claims Commission action regarding whether or not the Defendant acted within the scope of his authority." (Doc. No. 7 at 2.) In fact, this Court's Order in the previous case reads in pertinent part, "Plaintiff's Complaint is hereby DISMISSED without prejudice. *If, however, the waiver provision of the Tennessee statute is not invoked due to Defendant's actions being deemed outside the scope of his employment, then Plaintiff may move to reopen this case within sixty (60) days of the final adjudication by the Commission.*" (Doc. No. 13 at 3–4 (emphasis added).) As noted above, the Commission found just the opposite—that Defendant was acting within the scope of his authority at all relevant times. (Doc. No. 3-6 at 18.)

waiver provision of section 9–8–307(b)—as a result of being vacated by the Tennessee Court of Appeals.

The Court finds that this case is squarely controlled by the Tennessee Supreme Court's decision in *Haley v. University of Tennessee—Knoxville*, 188 S.W.3d 518 (Tenn. 2006). There, a former associate professor sued the University of Tennessee ("U.T.") in federal district court, alleging— among other causes of action—a violation of 42 U.S.C. § 1983. *Id.* Several months after filing her suit, Haley filed a breach of contract claim with the Commission. *Id.* U.T. then filed a motion to dismiss in federal court, arguing that by filing with the Commission, Haley waived any concomitant federal cause of action. *Id.* In response, Haley withdrew her claim before the Commission, which then dismissed her claim without prejudice. *Id.* The United States District Court for the Eastern District of Tennessee then certified to the Tennessee Supreme Court the following question:

> Does the withdrawal or voluntary non-suit of a claim filed with the Tennessee Claims Commission, done prior to any action being taken by the Claims Commission, still activate the waiver provision of Tennessee Code Annotated section 9–8–307(b) to require dismissal of a plaintiff's federal and/or state cause of action arising from the same act or omission as the claim before the Claims Commission?

*Id.* The Tennessee Supreme Court answered in the affirmative, holding that the waiver provision is triggered even where a case before the Commission is voluntarily withdrawn or non-suited prior to a decision on the merits. *Id*. at 524. In explaining its decision, the Court stated that the statute:

> waives the state's sovereign immunity and provides claimants with a cause of action— and a deep pocket—that they would not otherwise be able to pursue. In exchange for this waiver of immunity, the Claims Commission Act imposes a strict election of remedies requirement. The moment the plaintiff's claim is filed with the Claims Commission, the plaintiff has waived all other causes of action against any state officer or employee based on the same act or omission.

*Id*. The Tennessee Supreme Court in *Haley* rejected the plaintiff's argument that "a voluntary dismissal or non-suit . . . leaves the situation as if the claim had never been brought, effectively reversing the activation of the waiver that occurred upon the filing of the claim." *Id.* Instead, the court stated, "once the claim has been filed and the waiver has been activated, it cannot be undone. The

statute provides that filing the claim activates the waiver, *regardless of the subsequent disposition of the claim.*" *Id.* (emphasis added).

This Court, Judge Sharp, relied on *Haley* in a recent case similar to the one now before the Court. *See Mullins v. Hall*, No. 10-cv-00966, 2011 WL 2618557 (M.D. Tenn. July 1, 2011). In *Mullins*, the plaintiff first filed a claim with the Commission, which ruled that it lacked jurisdiction over her claim, a decision subsequently affirmed by the Tennessee Supreme Court. *Id.* at *1. Hoping to nevertheless bring her claim in federal court, the plaintiff argued that because the Tennessee Supreme Court held that the Commission lacked subject-matter jurisdiction, the waiver was not triggered despite her filing the claim with the Commission. *Id*. at *2. The Court rejected that argument, stating that "the fact that the Tennessee Supreme Court ruled the Commission was without jurisdiction does not mean there was no waiver because that very same court [in *Haley*] has held the mere filing of the claim constitutes the waiver." *Id*.

The Sixth Circuit Court of Appeals also relied on *Haley* in affirming *Mullins. See Mullins v. Hall*, 470 F. App'x 476 (6th Cir. 2012). In a brief opinion, the court held "[t]he *Haley* opinion—like the statue it interprets—speaks unequivocally: it is the filing of a suit that triggers the waiver. Dismissal for lack of subject matter jurisdiction, like entry of a non-suit, cannot erase the initial filing of the lawsuit from history. The dismissal of [plaintiff's] claim did not, therefore, under her waiver." *Id.* at 477.

Thus, controlling precedent presents the following situations in which the waiver provision is triggered, despite a disposition that did not go to the merits of the claim: voluntary dismissal or non-suit (*Haley*), and a finding by the Claims Commission—subsequently affirmed by the Tennessee Court of Appeals and Supreme Court—that it did not have subject-matter jurisdiction over the claim (*Mullins*). The instant case involves only marginally different circumstances; here the Claims Commission found against Plaintiff, but its decision was vacated by the Tennessee Court of Appeals on the grounds that the Commission lacked subject-matter jurisdiction.

5

The Court simply cannot find any reason why the holdings in *Haley* and *Mullins* do not control in the instant case or why the same reasoning that dictated the outcomes in those cases should not apply here. The plain language of the relevant statute provides only one circumstance in which the waiver is void—where the Claims Commission finds that the defendant was acting outside the scope of her employment. Tenn. Code Ann. § 9–8–307(b) (West 2012). Unfortunately for Plaintiff, that simply did not happen in this case. Further, the Tennessee Supreme Court in *Haley* stated clearly that "[t]he statute provides that *filing* the claim activates the waiver, regardless of the subsequent disposition of the claim," and that "once the claim has been filed and the waiver has been activated, it cannot be undone." *Haley*, 188 S.W.3d at 524.

Undoubtedly, taking a claim before the Commission is a risky proposition, especially when there is no guarantee that the Commission will pass upon the merits of the claim, or that its judgment will survive scrutiny from higher courts. However, this is a risk that must be weighed against the benefit that inures to plaintiffs who are able to pursue judgments against a state that has voluntarily relinquished its immunity from suit. Notably, whereas in *Haley*, neither the Commission nor the courts ever reached the merits of the plaintiff's claims, here, Plaintiff's claim went to a full trial on the merits before the Commission, and Plaintiff lost. It was only after to the Commission's ruling that Plaintiff appealed to the Tennessee Court of Appeals, which then found that the Commission lacked jurisdiction. Thus, unlike the plaintiff in *Haley*, Plaintiff did not forfeit his opportunity for a ruling on the merits of his claim by imprudently filing with the Commission in the first instance. Plaintiff made a choice, and the result was not what he had hoped for. While the Court sympathizes with his plight, the law is clear that by electing to file before the Commission, he has waived his ability to bring this federal action arising out of the same act by Defendant.

IV. **CONCLUSION**

Under Tennessee Code Annotated section 9–8–307(b), Plaintiff waived his right to bring a cognate federal action against Defendant by first filing his claim with the Tennessee Claims

6

Commission. Therefore, Defendant is entitled to summary judgment as a matter of law, and Defendant's Motion for Summary Judgment (Doc. No. 3) is hereby **GRANTED**.

It is so ORDERED.

This the   16th    day of January, 2013.

_____
SENIOR JUDGE JOHN T. NIXON
UNITED STATES DISTRICT COURT